IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.     NO. 1:21-CR-100

STEPHANIE KENNEDY

## ORDER

On October 27, 2021, Stephanie Kennedy was charged in a one-count indictment with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Doc. #1. Pursuant to a plea agreement with the government, Kennedy pled guilty to the indictment's sole count on June 1, 2022. Doc. #23. On September 14, 2022, the Court sentenced Kennedy to eighty-four months of imprisonment and three years of supervised release. Doc. #35.

On or about November 17, 2023, Kennedy filed a pro se "Motion to Apply the New Sentencing Guidelines for the reduction of Sentence Pursuant 18 3582 (C) (A),"[1] which states in its entirety:

> Now comes the defendant, aforementioned, respectfully moves this Honorable Court to apply the new Sentencing Guidelines that came into effect Nov. 1, 2023, in the above noted Case # 0537 1..21CR00100-001. Defendant while incarcerated is submitting this motion Pro-Se. As specified defendant seeks reduction for the Criminal History Category Retroactive. Defendant humbly requests this court to look at her case and apply the necessary reduction as the New Sentencing Guidelines advise.

Doc. #36 at PageID 123. The government did not respond to the motion.[2]

---

[1] Construing Kennedy's pro se motion liberally, the Court views the motion as seeking a sentence reduction under 18 U.S.C. § 3582(c) since Kennedy requests such pursuant to the "New Sentencing Guidelines." *See Gilbert v. French*, 364 F. App'x 76, 80 (5th Cir. 2010) ("[P]leadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.") (emphasis in original).

[2] Under a standing order issued in this district on November 1, 2023, the Federal Public Defender was appointed to represent Kennedy on February 5, 2024. Doc. #37. The standing order applies to indigent defendants "potentially eligible for a sentence reduction under 18 U.S.C. § 3582(c) based on the retroactive application of Parts A and B, Subpart 1, of Guideline Amendment No. 821 and Policy Statement § 1B1.10." *Id.* at PageID 126.

Because Kennedy's pro se motion fails to identify the specific reason set forth in § 3582(c) that would justify her request for a sentence reduction and presents no argument why such reduction is specifically warranted in her case, Kennedy's pro se motion [36] is **DENIED without prejudice**.[3]

**SO ORDERED**, this 27th day of March, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

Part A addresses Guideline § 4A1.1 status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Part B's subpart 1 creates a new § 4Cl.l guideline that provides a decrease of two offense levels for "Zero-Point Offenders"—those with no criminal history points—whose offense did not involve specified aggravating factors.

Id.

[3] The Court's denial without prejudice of Kennedy's pro se motion in no way precludes her from requesting a sentence reduction with the assistance of the Federal Public Defender to the extent she is potentially eligible for such, and the Federal Public Defender's appointment shall continue until that determination is made. It appears though that Kennedy does not qualify for a reduction under Part B's subpart 1 given the criminal history points indicated in her presentence report. Doc. #32 at 7–11.